# IN THE COURT OF APPEALS OF IOWA

No. 20-1269
Filed July 21, 2021

**NORIE C. SMITH,**
　　　　Petitioner-Appellant,

**vs.**

**TPI IOWA, LLC and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,**
　　　　Respondents-Appellees.
_____

　　　　Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

　　　　Norrie C. Smith appeals from a ruling on judicial review affirming the

workers' compensation commissioner's finding that she failed to meet her burden

of proving her injury arose out of her employment.  **AFFIRMED.**

　　　　Erik A. Luthens of Parrish-Sams Luthens Law, P.C., West Des Moines, for

appellant.

　　　　Timothy W. Wegman and Joseph M. Barron of Peddicord, Wharton,

Spencer, Hook, Barron & Wegman, LLP, West Des Moines, for appellees.

　　　　Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Norrie C. Smith began working for TPI Iowa, LLC in 2008. Her job was to help assemble wind turbine blades by adding fiberglass to blade molds. In December 2015, Smith submitted an injury report claiming left shoulder pain caused by a fall that occurred at work in 2014. Smith complained of ongoing and worsening pain in her left shoulder. That same month, Smith saw Dr. Orville Bunker for her shoulder pain and he recommended physical therapy. Smith declined, wanting workers' compensation to cover the costs. In April 2016, Smith saw Dr. Daniel Miller. Dr. Miller ordered an MRI. The MRI revealed a rotator cuff tear, and Smith was referred to Dr. Steven Aviles for consultation. Dr. Aviles declined to connect the injury to Smith's employment, stating in a letter:

> Ms. Smith had indicated she fell 3 years ago, had pain for about two weeks, and then it resolved. She states that a year ago she developed pain in her shoulder associated with repetitive labor. She describes no trauma that occurred at work associated with this rotator cuff tear. I do not believe that this is related to any work-related injury as there is no trauma associated with the pain.

Based in part on Dr. Aviles's letter, TPI denied Smith's workers' compensation claim, so Smith did not undergo surgery at that time.

Smith later consulted Dr. Patrick Sullivan on her own because of her ongoing pain. Dr. Sullivan completed surgery to repair the rotator cuff in October 2016. In response to a request for an opinion from TPI's counsel, Dr. Sullivan declined to connect Smith's injuries with her employment.

Smith then saw another doctor of her choice, Dr. Jacqueline Stoken, for an independent medical evaluation. In her report, Dr. Stoken stated Smith had

impairment that is causally connected to the "subject injury," but she did not express an opinion that the "subject injury" was caused by Smith's employment.

After a contested hearing, a deputy commissioner's proposed arbitration ruling, and an intra-agency appeal, the workers' compensation commissioner found Smith failed to carry her burden of proving her injury was causally connected to her employment at TPI. Smith sought judicial review, and the district court upheld the commissioner's decision. Smith appeals the district court's ruling, contending the commissioner's decision is not supported by substantial evidence, is the product of "reasoning that is so illogical as to render it wholly irrational," is "[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact," and was "[o]therwise unreasonable, arbitrary, capricious, or an abuse of discretion." *See* Iowa Code § 17A.19(10)(f), (i), (m), (n) (2020) (respectively setting forth grounds for reversing an agency decision).

Judicial review of agency decisions is governed by Iowa Code chapter 17A. *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 242 (Iowa 2018). The deference we give to the commissioner's findings depends on the issue in question. *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 557 (Iowa 2010). We give no deference to the commissioner's interpretation of the law, as interpretation of the workers' compensation statutes and related case law has not been clearly vested in the discretion of the agency. *Id.* However, the commissioner's factual determinations are clearly vested in the discretion of the agency. *Id.* Accordingly, we defer to the commissioner's factual determinations so long as they are based on substantial evidence in the record. *Id.* at 557–58. "Evidence is substantial if a reasonable mind would accept it as adequate to reach the given conclusion." *St.*

*Luke's Hosp. v. Gray*, 604 N.W.2d 646, 649 (Iowa 2000). We do not focus on whether the evidence could support a contrary finding, but on whether the evidence supports the finding actually made by the commissioner. *Schutjer*, 780 N.W.2d at 557–58. The commissioner's application of the law to the facts is disturbed only if it is "irrational, illogical or wholly unjustifiable. *Id.* (quoting *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009).

For an injured worker to be entitled to receive workers' compensation benefits, the worker must prove by a preponderance of the evidence the injury arose out of and in the course of the worker's employment. *St. Luke's Hosp.*, 604 N.W.2d at 652. When an injury occurs "within the period of employment at a place where the employee reasonably may be in performing [the employee's] duties, and while [the employee] is fulfilling those duties or engaged in doing something incidental thereto," it is "in the course of employment." *Id.* (quoting *Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 150 (Iowa 1996)). For an injury to arise from employment, there must be a causal connection between the injury and the employment. *Id.* Determining whether the injury has a causal connection with the employment or whether the injury arose independently from employment is ordinarily established by expert testimony. *Id.* It is up to the finder of fact to determine how much weight to give to any expert testimony on causation. *Id.* The parties do not contest that Smith sustained an injury. It is contested, however, whether that injury is causally related to her employment at TPI (i.e., whether it arose out of her employment).

Smith contends her job duties included repetitive actions that caused her shoulder pain and rotator cuff tear. Yet, Smith is the only individual involved to

offer that opinion on causation. Dr. Aviles explicitly declined to connect Smith's injury with her work duties. Further, Dr. Sullivan stated he had not received any "bona fide information from the patient or any other credible source" that Smith's injury was related to or caused by her work.

The closest Smith comes to offering any favorable expert testimony on causation comes from Dr. Stoken, the doctor who performed the independent medical examination. Dr. Stoken expressed the opinions that Smith's impairment to her left upper extremity was "causally connected to the subject injury" and the subject injury was a substantially contributing factor to the impairment. Even so, Dr. Stoken did not express the opinion that the shoulder injury was caused by Smith's employment. As aptly observed by the deputy, and adopted by the commissioner:

> [Dr. Stoken's opinion letter] connects the shoulder injury to the impairment, but it does not connect the shoulder injury to the work duties. Dr. Stoken's opinions state the condition of the shoulder, affirm that there is a shoulder injury and that the shoulder injury resulted in an impairment. The critical component that is missed is an opinion that the Claimant's alleged repetitive activities caused the shoulder injury.

We agree with this assessment of Dr. Stoken's opinions.

With the above assessment of Dr. Stoken's opinions, the most favorable expert evidence available to Smith, Smith failed to prove a causal connection that her work caused her injury and therefore failed to meet her burden of establishing her shoulder injury arose out of her employment at TPI. This failure alone is enough to require us to affirm the commissioner's decision. *See St. Luke's Hosp.*, 604 N.W.2d at 652. However, even if we were to assess Dr. Stoken's opinions differently and conclude they did provide evidentiary support for a conclusion

Smith's shoulder injury was caused by her employment, Smith's claim still fails because there is substantial evidence supporting the opposite conclusion—the conclusion reached by the commissioner.

As previously noted, both Dr. Aviles and Dr. Sullivan expressed the opinion that Smith's shoulder injury was not caused by her employment. The commissioner found Dr. Sullivan particularly credible on the causation question by observing:

> [T]he causation opinion I find to be most convincing in this matter, and which also supports the conclusion that this claim is not compensable, is that of Patrick Sullivan, M.D., orthopedic surgeon and shoulder specialist, who was selected by claimant, and who performed surgery on claimant's left shoulder for the condition that is the basis for this claim. In a report dated May 7, 2018, Dr. Sullivan stated the following, in pertinent part: "I received no bona fide information from the patient or any other credible source that would qualify her injury as a work related injury." . . . .
> I find Dr. Sullivan's opinion to be the most convincing in this case because, as stated above, he was selected by claimant under her private health insurance to be her treating surgeon for the condition in question, he is a shoulder specialist, he performed surgery on claimant's shoulder during which he had the opportunity to evaluate claimant's shoulder intraoperatively, and he evaluated claimant on at least seven occasions in 2016 and 2017.

(Citations to exhibits omitted.) Based on this finding by the commissioner, even if we interpreted Dr. Stoken's opinions as favorably to Smith as she argues we should, the commissioner's decision is still supported by substantial evidence, as the question before us is whether the evidence supports the finding actually made by the commissioner, not whether the evidence could support a contrary finding. *See Schutjer*, 780 N.W.2d at 557–58.

Without expert testimony supporting her position, especially in light of the expert evidence demonstrating a lack of causal link between Smith's work and her

shoulder injury, there is substantial evidence supporting the commissioner's finding that Smith failed to meet her burden of proving her injury arose out of her employment at TPI. *See* Iowa Code § 17A.19(10)(f) (providing a ground for reversal if the agency's decision is not supported by substantial evidence). Consistent with that finding, we also conclude the commissioner's decision was not the product of "reasoning that is so illogical as to render it wholly irrational," "based upon an irrational, illogical, or wholly unjustifiable application of law to fact," or "otherwise unreasonable, arbitrary, capricious, or an abuse of discretion," as claimed by Smith. *See id.* § 17A.19(10)(i), (m), (n).

**AFFIRMED.**